IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EVERETT O. BAKER ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 02-CV-115-WDS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

**STIEHL, District Judge:**

Before the Court are several pending motions. On March 29, 2005, the Court denied petitioner's motion for leave to amend his habeas petition finding that the additional claims that the petitioner sought to include in the amended petition were not subject to collateral review and denied the motion for leave to amend. *See Memorandum & Order* (Doc. 22).

In response to the Court's Order, the petitioner filed, pro se, a motion for leave to proceed without counsel (Doc. 23), a motion to alter or amend the Court's Order of March 29th (Doc. 24) (which is more in the nature of a motion for reconsideration), and a notice that he had dismissed his counsel (Doc. 26). The petitioner contests the Court's determination that his new claims are not subject to collateral review, and the fact that his habeas counsel did not make that argument to the Court, and did not seek reconsideration of that order. In addition, petitioner has filed pro se a motion to stay the proceedings (Doc. 28) pending the Court's ruling on his motion to alter or amend, and sought an additional thirty (30) days from the date of the Court's ruling on the motion to alter or amend in which to file his reply. On the same date that the motion to alter was filed, petitioner's counsel filed a motion for an extension of time to file a reply to the government's response (Doc. 27).

Upon review of the record, the Court **GRANTS** petitioner leave to proceed without counsel.[1]  (Docs. 23, 26).  The Court **DENIES** petitioner's motion to amend.  (Doc. 24).  The Court remains persuaded that the claims that petitioner sought to add to his habeas petition are not subject to collateral review.   Petitioner's motion to stay is **DENIED** as moot (Doc. 28), but the request therein that the petitioner be given additional time to file his reply is **GRANTED**, which moots the motion for an extension of time filed by petitioner's counsel, and said motion is **DENIED**.  (Doc 27).

Accordingly, petitioner, if he chooses to proceed pro se, or his counsel, shall have an additional thirty (30) days from the date of this Order to file a reply brief to the government's response.   Petitioner is **DIRECTED** to limit his reply, as directed in the Court's Memorandum and Order of March 29, 2005, to grounds 3, 5 and 6 raised in the original petition.  If petitioner attempts to assert any new grounds, or re-assert any grounds previously dismissed by the Court, those claims shall be summarily denied.

 IT IS SO ORDERED.

**DATED: May 9, 2005**

      **s/ WILLIAM D. STIEHL**
      **DISTRICT JUDGE**

---

[1] It appears that petitioner's motion to proceed without counsel was based, in part on his inability to reach counsel after he received a copy of the Court's Order of March 29, 2005. Attorney Michael Gross' motion for an extension of time explains, in part, that he was unable to file a reply on behalf of the petitioner by April 29, 2005, due to the fact that he was involved in representing a defendant who was executed on April 27, 2005 in Missouri. The Court is well aware of the nature of such proceedings, including the fact that counsel is often called upon to file several last-minute petitions and briefs with various state and federal courts, including the United States Supreme Court. The Court FINDS that under these circumstances, that Mr. Gross has presented more than ample grounds for an extension of time to file the reply brief.  Petitioner, may, in light of this, determine that he now wants to continue to be represented by counsel.  If so, he, or counsel may so inform the Court.