IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **EVERETT O. BAKER**, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 02-CV-115-WDS |
| ) | |
| **UNITED STATES OF AMERICA**, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

This matter is before the Court on several pending motions. Before addressing the motions, the Court must address the status of petitioner's counsel, Michael Gross. On May 9, 2005, the Court granted petitioner's motion for leave to proceed without counsel, noting, however, that the conflict that led to the filing of the motion might actually have been a misunderstanding and that petitioner, or counsel, could advise the Court if petitioner continued to be represented by counsel. Despite this directive, and without comment, within one day of each other, petitioner and attorney Gross filed separate motions in this action. Petitioner filed a motion to certify question for interlocutory appeal and a motion to stay pending interlocutory appeal (Docs. 32, 33) and attorney Gross filed a traverse [sic] and motion for extension of time to file attachments to the traverse (Docs. 30, 31).

Clearly the Court cannot have both petitioner and counsel filing pleadings in this action, and will no longer accept dual filings. Either petitioner shall proceed *pro se* or through counsel, but not both. However, for the purposes of case management, the Court will review the motions currently filed.

A.   Petitioner's Motions for Interlocutory Appeal and to Stay

28 U.S.C. §1292(b) permits appeals from orders involving "a controlling question of law as to which there is substantial ground for difference of opinion." *Id.* When an order is certified for appeal by a district court and appeal is accepted by a court of appeals all questions material to the order are properly before the court of appeals. Accordingly, this court must determine whether the appeal involves a controlling question of law, whether there is a substantial basis for a difference of opinion, and whether an immediate appeal would materially advance the ultimate resolution of the litigation. *Id.* In general, interlocutory appeals are not favored without the existence of exceptional circumstances. A "controlling question of law " must involve a "substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Id.*; *Ahrenholz v. Bd. of Trustees of the Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir.2000).

Here, petitioner disagrees with the Court's prior ruling that petitioner could not add additional claims to his habeas petition because the claims petitioner sought to add were not subject to collateral review. (*See* Memorandum & Order, Doc. 22). The Court notes that the failure to take an interlocutory appeal does not necessarily preclude a later appeal: a party can always bring those claims as part of an appeal of a final judgment. *Jays Foods, L.L.C. v. Chem. & Allied Prod. Workers Union, Local 20*, 208 F.3d 610, 614 (7th Cir.2000) (*cited in Montano v. City of Chicago*, 375 F.3d 593, 597 (7th Cir. 2004). However, petitioner asserts that because his incarceration would be affected by a different determination, that is that his claims under *United States v. Scialabba*, 282 F.3d 475 (7th Cir. 2002) would mandate reversal of his conviction and the Court's orders of forfeiture.

Although the Court is impressed with petitioner's presentation of his argument, it nevertheless remains persuaded that the claims petitioner seeks to add are not subject to

collateral review under the standards established in *Teague v. Lane*, 489 U.S. 288 (1989), as more fully discussed in the Court's prior Memorandum and Order. Accordingly, petitioner's motion for interlocutory appeal is **DENIED**. The motion to stay is **DENIED** as moot.

    B. Motions filed by Attorney Gross

Petitioner's counsel's motion for an extension of time to file attachments to the traverse is **GRANTED**. All attachments to the traverse – which is actually a reply brief – shall be filed on or before June 30, 2005.

The Court **DIRECTS** petitioner to file, on or before June 30, 2005, a notice with the Court as to whether he wishes to proceed *pro se* or through counsel. If he elects to proceed with representation by counsel, petitioner will no longer be allowed to file *pro se* pleadings. If he elects to proceed *pro se* petitioner's notice shall include a statement as to whether he wishes to adopt the reply filed by attorney Gross. The Clerk of the Court is **DIRECTED** to send a copy of this Order to petitioner as well as to attorney Michael Gross.

 IT IS SO ORDERED.

**DATED: June 15, 2005**

                                                   **s/ WILLIAM D. STIEHL**
                                                     **DISTRICT JUDGE**